[No. 3,228.]

# EDWARD V. HATHAWAY v. WILLIAM H. PATTERSON AND WILLIAM W. STOW.

LIMITATION OF ACTION ON PROMISSORY NOTE.—A promissory note made payable one day after the happening of a particular event, is not due until one day after such event happens, and a suit on it is not barred by the Statute of Limitations, if commenced on the day after such event happens.

RIGHT OF SET-OFF WHEN PROPERTY IS HELD IN TRUST.—When money
deposited by a defendant with a Sheriff, as security for property released on
attachment, is withdrawn by the attorneys of the parties, and divided be-
tween them, and each gives his note to the other for one half of it, with a
stipulation that it was to be held in like manner as if it remained in the
Sheriff's hands; after the plaintiff recovers judgment the defendants' attor-
neys may be sued on the note given by them, and they cannot set off, either
the note of plaintiff's attorney to them or what is due to them by their
client, for their services in the action.

WHEN ATTORNEY HOLDS MONEY IN TRUST.—When the attorneys for th
parties withdraw from a Sheriff money deposited with him as security for
a judgment that may be rendered in an action, they hold the money in
trust for both parties to the action, the same as it was held by the Sheriff.

APPEAL from the District Court of the Fifteenth Judicial
District, City and County of San Francisco.

The plaintiff recovered judgment, and the defendants
appealed.

The other facts are stated in the opinion.

*W. H. Patterson*, for Appellants.

The note of Patterson & Stow to Crane, representing the
money of Brady in their hands, was at most but a memoran-
dum note and an agreement to account for interest at a given
rate, pending the appeal in the Supreme Court of the case
of *Hathaway* v. *Brady*.

Either Patterson & Stow were holding the money for
Brady, or Crane was the trustee of Brady, holding the note
for his benefit. And as between Patterson & Stow and
Crane, the note of the latter given for one half the money
loaned to him, was clearly matter of set-off or counterclaim
to any action he or his assigns might bring against the former
on their note representing the other half of the money.

As between Brady and Patterson & Stow, the indebted-
ness of the former to the latter was proper matter of set-off
or counterclaim in any action against them to recover the
moneys in their hands. Brady being the owner of the fund,
Crane, or any assignee of his, receiving the note of the de-.

fendants after maturity, could not maintain an action on it without connecting the holder with the right of Brady. And if Crane, as trustee of Brady, could lawfully assign the note, it was only the right of Brady that could be enforced, and that right was subject to defendants' claims.

*Williams & Thornton,* for Respondent.

The property of the defendant is attached as security for the satisfaction of any judgment that may be recovered in the cause. That is the purpose for which the writ of attachment is given, and for which it is executed. (Practice Act, Sec. 120; *Bagley* v. *Ward,* 37 Cal. 131.)

The lien on the property levied on, exists until judgment is recovered, and another lien is obtained—in the case of real estate, by docketing the judgment, and in case of personal property, by the issuance and levy of an execution.

When judgment is recovered by the plaintiff (see Sec. 122 of Practice Act), the statute makes it the duty of the Sheriff to satisfy the judgment out of the property attached; first, by paying to the plaintiff the proceeds of all sales of perishable property sold by him, or of any debts or credits collected by him, or so much as shall be necessary to satisfy the judgment; second, if any balance remains due, and an execution shall have been issued on the judgment, he, the Sheriff, shall sell under execution so much of the property, real or personal, as may be necessary to satisfy the balance, if enough for that purpose remains in his hands.

This being coin in the hands of the Sheriff, it was not necessary for him to sell it; it would be folly to sell it; to sell that which sales are usually made to procure. (*Holmes* v. *Nuncaster,* 12 Johns. 396, 397, and cases cited; *Handy* v. *Dobbins,* 12 Johns. 220; *Green* v. *Palmer,* 15 Cal. 412–418.)

The Sheriff would have a right to apply it to the payment under section one hundred and thirty-two above cited, without execution. An execution did, in fact, issue, as was

proven in the case; but whether execution issued or not is immaterial, as we will see.

Then when the money was in the hands of the Sheriff, the plaintiff having a lien on the funds, and having recovered a judgment, had a right to have the money applied on the judgment, and it would be the Sheriff's duty so to apply it.

Then we say, in accordance with the opinion of the Court, the rights of the parties remaining unchanged by the agreements made as to the fund, and the notes executed, the plaintiff would have the same right to have it applied to the payment of the judgment—for having been attached, it was segregated and set apart for that purpose, viz: to satisfy the judgment in the cause of *Hathaway* v. *Brady*, so far as it would go.

The appeal did not change these rights. They still remained the same. If the judgment was affirmed, the plaintiff was still entitled to the money; if it was reversed, it remained subject to the event of the action. If, in the action, judgment should have been finally rendered for Brady, Brady would have had a right to have the money returned to him. (Pr. Act, Sec. 135.)

It is in this point of view that the Court used the language in the opinion referred to, that Patterson & Stow and Crane became trustees for the parties interested in the fund; if judgment finally went for Hathaway, they were trustees for Hathaway; if for Brady, they were trustees for Brady.

Here judgment finally went for Hathaway, therefore they held this money for Hathaway; and Patterson & Stow having given a note for it, Hathaway could receive the assignment of that note, and recover the amount due on it.

CAL. REPS. XLV—38

By the COURT:

In the action of *Hathaway* v. *Brady*, an attachment was issued and levied on certain real and personal property of said Brady. For the purpose of releasing the personal property from the attachment, Brady deposited with the Sheriff five thousand dollars in gold coin, and such property was thereupon released. Hathaway recovered judgment, and Brady appealed therefrom to this Court. Pending the appeal, W. W. Crane, Hathaway's attorney, and Patterson & Stow, Brady's attorneys, stipulated in writing that the money which Brady had deposited with the Sheriff, should be withdrawn and handed over to Patterson & Stow, and should be held by them in the same manner as the Sheriff held the same; and that the change of the custody of said sum should "not in any manner affect the rights of the parties, but on the contrary the rights of the parties in reference to said sum shall be in all things the same as though said sum had remained and continued to remain in the hands of said Edmundson" (the Sheriff.) The money was accordingly delivered to Patterson & Stow. Afterwards, and on the same day on which the stipulation was made, it was agreed between Crane and Patterson & Stow that Crane should receive one half of said sum, and that Patterson & Stow should retain the other half, and that for such sums each should give to the other a promissory note. This agreement was carried into effect. The two notes were in the same form. The note in suit is as follows:

"SAN FRANCISCO, August 26th, 1863.

"One day after the entry of an order in the Supreme Court affirming judgment in the Third District Court, Alameda County, of *Hathaway* v. *Brady*, or if such judgment is not affirmed, one day after demand, without grace, we promise, for value received, to pay W. W. Crane, at our

office in San Francisco, in United States gold coin, of the present standard of fineness and value, two thousand five hundred dollars, with interest, payable in like gold coin, at one and one fourth per cent per month.

"PATTERSON & STOW."

The judgment of *Hathaway* v. *Brady* was affirmed on the 23d day of October, 1863. In the following month an execution was issued, and Crane paid over to the Sheriff the money he had received, with the interest thereon at the rate mentioned in his note; but the payment was made without the knowledge or consent of Brady or Patterson & Stow. The note of Patterson & Stow was assigned by Crane to the plaintiff, shortly before the commencement of the action. Patterson & Stow still hold Crane's note.

The foregoing facts, together with some others, were before this Court in *Hathaway* v. *Brady*, 26 Cal. 581, in which the plaintiff attempted to reach the money for which the note in suit was given, by proceedings supplementary to execution, and it was there held that the proceedings were not sufficient to entitle the plaintiff to an order requiring Patterson & Stow to pay over the money due on their note.

The point now made is, that the action is barred by the Statute of Limitations. The judgment in *Hathaway* v. *Brady* was affirmed, as already mentioned, on the 23d day of October, 1863. The action was commenced on the 24th day of October, 1867. The note became due one day after the date of the affirmance of that judgment. The defendants had all of the twenty-fourth day of October in which to pay the money. Had an action been brought on the note on that day, it could not have been maintained, because it had not then accrued. The action, therefore, is not barred by the statute.

The defendants claim the right to set off against their note, the note of Crane, and also an amount due them from

Brady for professional services, etc. But we are of the opinion that that position cannot be maintained. Looking at the facts of the transaction, which occurred up to the time when the stipulation was signed, and the money paid over by the Sheriff to the defendants, and they signed the instrument, by which they acknowledged that they had the money in accordance with the stipulation, "and in the same manner and with like effect as if the same continued in the hands of said Edmundson," there is no room for doubt that they held the money to abide the event of the appeal in *Hathaway* v. *Brady*. They became trustees of the money for both parties, and under the terms of the stipulation it was their duty to apply the money to the satisfaction of the judgment, if Hathaway prevailed on the appeal; but if the appeal should be disposed of in Brady's favor, and he should prevail in the action, then it would become their duty to pay it over to him. The purpose of the further arrangement, under which the money was divided and the notes given, as we understand it, was not to abrogate that portion of the stipulation, by which the rights of the parties in reference to the sum of money were to remain the same as they would have done, had the money remained in the hands of the Sheriff, but it was to place the money where it would bear interest during the litigation. There was no motive, so far as we can perceive, from the facts in the case, to induce the plaintiff to release one half of the security which he held for the payment of his demand against Brady; but common prudence would dictate to him, that the whole money should be so placed that it would be ready to be applied to the payment of his judgment if it should be affirmed. In *Hathaway* v. *Brady*, 26 Cal. 581, the Court gave the same construction that we now do, to the stipulation and to the subsequent arrangement, under which the notes were made. In view of this construction it would be absurd to permit the notes to be set off against each other;

and we are also of the opinion that the demands which the defendants have against Brady, cannot be set off against the note in suit, for that could not be effected without a violation of the agreement under which they received and hold the money.

Judgment and order affirmed.

Mr. Chief Justice WALLACE did not participate in the decision of this cause.